## BANCROFT, Estate of, In re.

Ohio Appeals, Tenth District, Franklin County.

No. 6082. Decided May 12, 1959.

Robert Dow Hamilton, Columbus, for himself.
Bruno E. Voltolini, Columbus, for administrator.
L. D. Agler, Columbus, for certain heirs.

## OPINION

By BRYANT, PJ.

The sole question to be decided by this court at this time arises upon a motion filed on behalf of J. Quinn Dorgan, administrator of the estate of Mae Bancroft, deceased, appellee herein. This motion seeks to reduce from law and fact to law only the appeal from the judgment and final order of the Probate Court of Franklin County filed by Robert Dow Hamilton, appellant herein. Mr. Hamilton, an attorney, was formerly attorney for the administrator.

In support of the motion to reduce the appeal, it is argued that the questions involved here have to do with the amount of attorney fees fixed by the said probate court after a hearing before the court on the application of the said administrator for a determination of such attorney fees. It is urged that such questions are not within the ten classes of cases described in §2501.02 R. C., which are authorized to be appealed on questions of law and fact and that all other classes of cases may be appealed only on questions of law. Further, it is claimed that this is jurisdictional and that this court has authority to hear the pending appeal only on the basis of an appeal on questions of law.

This is disputed by Mr. Hamilton, the appellant, who is acting as his own attorney In support of his right to an appeal on questions of law and fact, he contends that the issues in the court below fall squarely within the terms of the ninth class of actions which may be so appealed on questions of law and fact under the provisions of the said §2501.02 R. C., and that his action below seeks as its primary and paramount relief the specific performance of a contract including the establishment of the existence of such contract and the restraint of the breach thereof.

It is of course well settled that executors and administrators have a right to an allowance for actual and necessary expenses and there is specific statutory authority for administrators and executors to expend estate funds for and receive credit for "reasonable" attorney fees. The rule is set forth in **22 O. Jur. (2d) 620, Executors and Administrators, Section 260**, which provides in part as follows:

"The Code provides for the allowance to an executor or administrator of actual and necessary expenses, and specifically states that when an attorney has been employed in the administration of an estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."

The statute directly in point is §2113.36 **R. C.**, which provides in part as follows:

"* * * When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof."

In order to find the answer to the question, an examination of the record in the probate court is required. Apparently the question of what

fees should be paid for legal services was raised on July 25, 1958 for the first time when Mr. Hamilton was acting as attorney for the administrator. On that date he presented to the probate court and obtained approval thereof of an order authorizing and fixing fees for extraordinary compensation for himself at $2,000. This entry, which also included an allowance for the administrator was set aside by the probate court by an entry filed August 19, 1958, the court stating that "it was not in possession of all of the fact" in making the previous allowance of fees.

We note here that there appears to have been no appeal taken from the court's order and entry of August 19, 1958 vacating and setting aside the previous allowance of fees. However, it did leave pending and undetermined the previous application of Attorney Hamilton for determination of legal fees. The file also contains a letter (carbon copy) from the administrator to the appellant terminating his services as attorney "Due to recent proceedings which have taken place in the Probate Court, over which I have had no control and for the best interests of those concerned * * *."

New counsel for the administrator moved to set a new date for the hearing on the fixing of attorney fees, which was done and apparently a hearing was held, after which the probate court rendered its opinion fixing the total legal fees at $1,250, allowing $450 to Hamilton and $800 to his successor. This opinion said in part:

"This matter comes before the Court on the application for the allowance of fees to counsel and fiduciary herein.

"A former allowance of fees in this case was set aside on the ground that the Court was not in possession of all the facts in connection with the matter.

"* * *

"Since the voiding of the order allowing attorneys' fees heretofore made, it is the understanding of the Court that new counsel for the fiduciary has been selected.

"Under all of the circumstances the finding of the Court is that counsel fees for the complete administration of this estate are fairly worth $1,250.00 and that sum will be allowed.

"Inasmuch as Mr. Hamilton did perhaps not over one-third of the work that was necessary to bring the estate to a conclusion, the allowance made to him will be $450.00.

"To Mr. Voltolini, who will be compelled to close the estate, an allowance of $800.00 will be made."

This decision was the subject of a journal entry filed in probate court on December 11, 1958, while the motion for rehearing and reconsideration thereof was overruled by journal entry filed December 31, 1958, from both of which an appeal was taken by the notice of appeal filed December 31, 1958.

It would appear then that the probate court upon request of the administrator conducted a hearing to determine the proper legal fees for legal services rendered by the former counsel for the administrator and that the appeal arises from what appears to have been the dissatis-faction of appellant with the amount allowed.

It is difficult to see how this can be called an action "seeking as a primary and paramount relief" and "specific performance of contracts, or the restraint of the breach thereof." The reason is that the statute in question (§2113.36 **R. C., supra**), authorizes the payment of "reasonable attorney fees," which refers to what the services reasonably are worth and not to any contract or agreement of the parties, which may have been entered into previously.

In the case of **In re Estate of Hickok: The Toledo Trust Co. et al, Exrs. v. Hickok et al, 159 Oh St 282,** the will authorized the executors to employ attorneys and "pay their reasonable compensation and expenses." The statute then in effect, §10509-193 GC, authorized the payment of "reasonable attorney fees." In the per curiam opinion, the court at page 284, says:

"It will thus be seen that both the will and the statute authorizing the payment out of the estate of attorney fees for services rendered in the administration of the estate provide for the payment of reasonable fees. Where, as here, a judicial determination is required to fix the amount to be thus paid, the determining factor is the reasonable value of the services. This determination cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values."

Reference to §2113.36 **supra, R. C.,** indicate that the attorney fees allowed in such cases are those which are "reasonable." The Supreme Court of Ohio appears to have determined the questions here involved by its holding, inferentially at least, that the standard to be followed when a court makes a determination of such fees, is the reasonable value thereof. That being the case it would appear that the questions here involved do not fall within the ninth branch of §2501.02, **supra, R. C.,** or any other of the ten classifications. It follows therefore that the motion to reduce the appeal is well taken and must be sustained.

The rules of this court namely, Rule V, D provides as follows:

"Whenever an appeal on questions of law and fact is reduced to an appeal on questions of law, the Court shall forthwith make an order fixing the time, not exceeding thirty (30) days, for the presentation and filing of a bill of exceptions in the trial court (§2321.05 **R. C.**). If a bill of exceptions has been filed, it shall be refiled as of the date of the entry reducing the appeal to one on questions of law. Assignments of error and briefs shall thereafter be filed within the time prescribed by Rule VII A (2)."

It is the order of this court therefore that not to exceed thirty days from the filing of the journal entry in this case shall be fixed for the presentation and filing of the bill of exceptions in the court below with the assignments of errors and brief as prescribed in Rule VII A (2) of this court.

DUFFY, J, concurs.
MILLER, J, not participating.