HULL, TRUSTEE, PLAINTIFF, v. ROSEMAN ET, DEFENDANTS.

Common Pleas Court, Cuyahoga County.

No. 760317.   Decided March 12, 1964.

*Mr. Allan Hull* and *Mr. Harvey H. Creighton*, for the contesting heirs of Grace L. and Charles E. Roseman.

*Messrs. Baker, Hostetler & Patterson, Mr. Russell E. Leasure*, of counsel, for Jane Carroll Murphy.

(Baynes, J., of Madison County, sitting by assignment in Cuyahoga County.)

BAYNES, J. This is an action by the Trustee seeking direction of the Court as to distribution of a $50,000 fund and expenses to be taxed to determine the net amount of proceeds to those so entitled.

Certain counsel including the plaintiff in this case represented many, but not all, of Grace L. Roseman's heirs at law and all of Charles E. Roseman's heirs at law. Grace was the surviving spouse of Charles. The parties, whom counsel represented, brought an action and were joined by certain defendants as opponents or contestants of the Will of Grace, which had been admitted to Probate. A trial court jury sustained, that is, declared the Will admitted to probate as the valid Last Will and Testament of Grace L. Roseman. The opponents filed an appeal in the Court of Appeals.

While the case was pending on appeal, the executor of the estate of Charles and Grace entered into a contract of release of all claims, except legacies contained in the Will of Grace. Among the parties to the release were those who were opponents of the Will of Grace. This part of the release stated:

"((They release)) any claim which they or the clients they claim to represent in Common Pleas Case No. 708,297 . . . may have or claim to have by virtue of any settlement negotiations or agreements . . . except as between themselves and the aforesaid clients."

It does, however, appear in testimony of the Trustee that the release above quoted was, not necessarily, the basis on which he received the payment of $50,000. The only other reference to releasing this class of claim specifically was on the back of the check, if there was any other release in writing.

During the course of the Will contest trial the executor moved to dismiss the opponents' "class action." This motion was sustained by the trial court. That judgment remains unreversed. It continued as a Will contest action and some of the heirs at law of Grace L. Roseman continued to be proponents of the Will or they did not seek to become represented by the attorneys representing the opponents nor did they cross to the other side of the counsel table or have other representation as opponents.

The Attorney General was named a party. His answer

raises no issue as to any interest that he, with supervisory powers over charitable trusts, has in the premises.

The only other answer filed in this case was by defendant Jane Carroll Murphy. The primary substance is that she contends the fund is for all the immediate next of kin and heirs at law of Grace L. Roseman. From this it would appear that she recognizees no rights in the next of kin of Charles E. Roseman, parties to the Will contest action.

In this connection the uncontroverted testimony in this case is that there was, on the face of it at least, approximately $600,000 of the gross estate of Grace L. Roseman, of a total of $2,500,000 which would have been subject to the half and half statute, Section 2105.10, Revised Code, if she had died intestate. That as a part of the agreement by those represented by counsel opposing the Will of Grace that the settlement was to be divided 25 per cent among those who were heirs of Charles E. Roseman opposed to the Will, who would have taken under the half and half statute, and 75 per cent among those who were heirs of Grace L. Roseman opposed to the Will, who would have taken under the half and half statute.

The first question for the Court to determine is: Are all those who were heirs of Charles and Grace Roseman under the half and half statute entitled to share in the net proceeds of the settlement obtained by counsel? Or are only those who were parties either plaintiff or defendant parties to the settlement agreement who opposed the Will and who were represented by counsel who obtained the settlement entitled to share?

This is a question of first impression in Ohio. Counsel cite no Ohio authority, and in our research we have found none. The Trustee suggests that *Andes* v. *Shipps*, 165 Ohio St., 275, 135 N. E. (2d), 396, 59 Ohio Opinions, 363, interpreting Section 2741.04, Revised Code, the Will contest section, indicates a party must declare a position. It is argued on behalf of defendant Murphy that parties defendant in a Will contest case are "interested parties" and have "a legal right subject to settlement." In our view defendant's position begs the question in that the settlement was made only on behalf of those represented by counsel opposing the Will.

This case is one step removed from the trial of a Will

contest case in that it was settled on appeal. Although we are of the opinion that, with exception of Pennsylvania, the same rule would generally apply if the contest had been settled on the trial level. Defendant Murphy, and any other heirs at law of Grace L. Roseman, not represented by counsel obtaining the settlement, were party appellees in the case on appeal. They were apparently satisfied that the Will had been sustained.

Even if this were not so, counsel obtaining the settlement would have had no right to settle the case at the trial level of any parties to the contest that they did not represent. That would have left the other parties, including the defendant Murphy, in a position of (1) concluding a settlement on their own behalf, (2) actively carrying on the Will contest as opponents, or (3) permitting the Will to be sustained without a trial or carrying forward an appeal.

It is the general rule that heirs or next of kin who would have been benefited by denial of probate are not entitled to share in consideration of contracts to which they are not parties. Such consideration is received by virtue of the contract and not under laws of descent and distribution. Such parties are not agents of others of the class in absence of evidence to the contrary. 120 A. L. R., 1495. This we find to be the law of Ohio.

In a case involving an agreement under an applicable statute in a Will contest case, the court said:

"Agreements of this nature are entirely valid outside the statute. *Their binding character as contracts* has been recognized and enforced in equity *both before and since enacting of statutes* authorizing courts to approve them." (Emphasis ours.) *In re Ellis*, 228 Mass., 39, 116 N. E., 956, 957.

It should be noted that the Massachusetts statute requires only those who are, by the Will, affected by the agreement as necessary parties to the agreement. It is also observed in the case p. 956, N. E. Reporter, that the rights of the parties to the agreement are contractural and not testamentary. This construction is recognized in *Lyeth* v. *Hoey*, 305 U. S., 188, 59 S. Ct., 155, 157, 83 L. Ed., 119.

The record in the instant case shows the defendant Murphy and her two children to have been substantial legatees in the

estate of Grace. These legacies were not involved or affected in any way by the settlement made by the attorneys for the opponents.

The latest case in which a noncontestant's right to participate in the contestants' settlement agreement is *Bailey* v. *McLain*, 215 N. C., 150, 1 S. E. (2d), 372. This case states several propositions applicable to the facts of the instant case. It reiterates the proposition that the right to the consideration depends upon the contract and not by any provision of the law of descent and distribution. S. E. Rep. at 375. Many cases are cited from other jurisdictions on the several holdings in the case, including the right of the noncontestants to participate by operation of law or upon equitable considerations.

The second question for the Court to determine is to the apportionment of the net proceeds among the contestants as to those who were heirs at law of Charles E. Roseman and those who were heirs at law of Grace L. Roseman. The evidence supports the 25-75 per cent agreement made by the parties. We cannot say that apportionment is unfair. The question of what was or was not property subject to the half and half statute appears tenuous in many aspects. Since such agreement was not unlawful, the agreement should be confirmed.

The third question relates to fees, costs and expenses. The testimony is that the law firm of which the Trustee was a partner advanced costs and expenses, subject to reimbursement, prior to the filing of this action, in the Will contest case of $7,995.97. That the firm of which Harvey H. Creighton is a member advanced costs and expenses, subject to reimbursement, of $1,139.79. There are, of course, fees and costs connected with the present case not included. The evidence shows that the fee agreement of counsl with the opponents of the Will was 45 per cent of the net recovery. This fee although large percentagewise is modest in view of the accomplishment and the number of counsel hours and professional effort as demonstrated by the record and is well within the limits of usual contingent fees in such cases. It also appears that counsel for contestants have agreed between themselves as to a division of fees requiring no apportionment by the Court.

The above costs totalling $9,135.76 should be deducted

from the $50,000. This will leave $40,864.24 less attorney fees of $18,388.90 leaving $22,475.34 balance of which $5,618.83 should be distributed to the contesting heirs of Charles E. Roseman and $16,856.51 to the contesting heirs of Grace L. Roseman, in accordance to the half and half statute.

It also appears from the record that the Trustee has received over $3,000 in income on the $50,000. Assuming that income taxes have been paid by the Trustee, as may be required, the Trustee should also charge against that remainder all court costs that may have been advanced or that are due or will become due. In addition the Trustee should credit himself with a fee of $500 for his expenses of this suit including distribution together with copies of the entry of distribution and any such other information as may be proper and necessary to the distributees. Any remainder of income should be distributed according to the principal distribution or any deficit should be charged accordingly prior to principal distribution.

The foregoing authorization arises by virtue of the Court's inherent power and Section 2323.44, Revised Code. See *Holmes v. Hrobon*, 93 Ohio App., 1, 73 N. E. (2d), 845, 50 Ohio Opinions, 178.

If for any reason any distributee fails, neglects or refuses within sixty days after distribution has been sent to him or her to negotiate payment or the Trustee cannot locate any of such heirs to make distribution, then in any such case the Trustee should pay such sums into the county treasury as unclaimed money, as otherwise provided by Sections 2113.64, Revised Code, et seq. The Trustee should thereupon file his account of distribution as in other cases.