[Cite as In re Estate of Cercone, 18 Ohio App. 2d 26.]

(No. 4794—Decided April 1, 1969.)

*Messrs. Hammond & Hammond,* for appellant, Harold L. Libby.

*Mr. Joseph W. Maxin,* Admr., *in propria persona.*

JOHNSON, J. This is an appeal on questions of law from the Probate Court of Mahoning County. Appellant was appointed as special tax counsel for the Estate of Julius Cercone by the Probate Court's predecessor in office.

Julius Cercone, who died February 17, 1957, left an estate which contained assets in excess of $136,000. Shortly after his death, a finding was made by the Internal Revenue Service claiming the estate had a tax liability in the amount of $34,004.40. Contemporaneous therewith a finding was made against decedent's mother, Modestina Cercone who was appointed administratrix of her son's estate and his sole beneficiary. The claimed tax liability of Modestina Cercone individually was $28,712.83.

Mother and son had operated a family grocery store for many years. In addition they had jointly bought and sold numerous parcels of real estate, much of which was jointly owned at the time of death. From 1937 until his decease Julius Cercone had never showed earnings in excess of $3,000 per year on any income tax statement that he filed.

To assist in refuting the claims of the Internal Revenue Service, appellant was retained by the administratrix to protect the interest of her decedent's estate. He was personally retained by her to contest the Internal Revenue claim against her as an individual. Appellant's appointment as special tax counsel, he being a lawyer and a certified public accountant, was approved and journalized by the Probate Court on September 18, 1958.

In great measure the work performed on behalf of the estate and on behalf of Modestina Cercone individually, was so entertwined that it was impossible for appellant to effectively attribute a portion of his work to each. Over a period of seven years he itemized entries as to work done either by himself or by his employees and charged an hourly rate for those services.

In 1962 (at which time itemized billing for services then performed amounted to $8,653.50) appellant effected what he believed to be a satisfactory compromise of the tax claims against the estate and against Modestina.

As to the original claim of $34,004.40 against the estate, he proposed a settlement, acceptable to the Internal Revenue Service, in the amount of $17,553.74. This would have been a savings to the estate of $16,450.66.

The original claim against Modestina of $28,712.83 he recommended settling for $22,397.86. A savings of $6,314.97.

Modestina, individually and as administratrix would not accept the recommendation and insisted on a hearing before the Tax Court of the United States.

The cases were combined for the purpose of hearing in the Tax Court. After hearing in June 1964, the original claim of $28,712.83 against Modestina, individually, was reduced to $6,479.03, a difference of $22,233.80.

The claim against the estate was reduced to $17,076.91.

It should here be emphasized that the estate was found to owe approximately the same amount ($17,076.91) after hearing in the Tax Court in 1964, that was recommended as a settlement by the appellant in 1962 ($17,553.74). The trial in the Tax Court did not effect any appreciable reduction.

On the other hand, the original claim against Modestina, individually ($28,712.83), which could have been settled in 1962 for $22,397.86, was eventually found by the Tax Court to be $6,479.03. This was an additional savings of $15,918.83 over the original recommendation of appellant. The hearing in the Tax Court effected a substantial reduction in Modestina's tax liability.

Upon completion of the services rendered on behalf of the estate and of Modestina, individually, appellant's itemized billing had risen from $8,653.50 in 1962 to a total of $28,277.80 in 1965.

In October 1965 appellant submitted his statement for $28,277.80 for services rendered to the estate and to Modestina individually. Modestina refused to pay same.

Thereupon application was made to the Probate Court for the judgment of that court finding ''that there should be paid to Harold L. Libby as tax counsel on behalf of the Estate of Julius Cercone, deceased, by Modestina Cercone, Administratrix, the sum of $28,277.80 as at October 1965,

and for full legal interest thereon at six percent per annum, and other relief to which applicant may be entitled.''*

A full hearing was had before the Probate Court and at the conclusion of that hearing the following statements were made by counsel and by the court:

''Mr. Hammon: (attorney for Harold L. Libby, appellant). May it please the court, let the record show that after conference by counsel with the court during recess, it is agreed by counsel for Mr. Libby and for Mrs. Cercone that Mr. Libby has rested; that Mrs. Cercone has rested; and that the case is submitted to the court on the testimony and the exhibits that have been offered and produced and accepted by the court? Is that so agreed?

''Mrs. Hartwell: (attorney for Modestina Cercone, administratrix-appellee). This is on the basis that there is a settlement entered into on the basis of $11,000; $5,000 of which is to be paid tomorrow and $6,000 which is to be paid within 7 days from tomorrow, and a complete release is to be furnished for Mrs. Cercone from any and all obligations in this matter; that is my understanding.

''The Court: In so far as the record is concerned, it is submitted for the court's consideration.

''Mr. Hammond: That is my understanding.

''The Court: That is your understanding, too?

''Mrs. Hartwell: Yes.

''Mr. Hammond: No further presentation of evidence or witnesses in the case.''

No settlement payment having been made, the court found by journal entry filed November 27, 1967:

''* * * Wherefore, it is ordered, adjudged and decreed that the fee of Harold L. Libby *for services rendered to, and expenses incurred for this estate*, as tax counsel be, and the same is hereby fixed at $9,500.00.'' (Emphasis added.)

---

*(It should be noted that the Probate Court and counsel for all parties recognized that the application was made for the purpose of determining the *estate's* share of services rendered, even though the wording of the application might lead one to the conclusion that a claim for the full amount was being lodged against the estate alone.)

Subsequent thereto, on December 29 1967, the court of its own volition, and within term, vacated and held for naught the above entry and spread a new entry on its journal in pertinent part as follows:

"This came on for hearing upon the court's reconsideration, of its own volition, of the orders previously made fixing the fee of Harold L. Libby and granting certain injunctive relief.

"It now appears to the court that the previous order fixing the fee of Harold L. Libby at $9,500.00 is, under all the circumstances herein, excessive and that the same should be reduced.

"* * * It is further ordered, adjudged and decreed that the fee of Harold L. Libby for services rendered to and expenses incurred for this estate as tax counsel from May 22, 1958, to February 5, 1965, be, and the same is hereby fixed at $7,000.00, *being the reasonable value of the portion of the* services rendered by him for the benefit of this estate. * * *." (Emphasis added.)

From this order the appellant has taken his appeal.

Appellant's first assignment is "for error of the Probate Court in setting aside, *sua sponte*, the order of the Probate Court dated November 27, 1967, fixing the fee of Harold L. Libby for services rendered to and expenses incurred for the estate of Julius as tax counsel at $9,500 and in reducing such fees to $7,000.

Secondly, appellant claims the judgment of the Probate Court is "contrary to law and against the manifest weight of the evidence."

We shall dispose of both assignments as one.

Appellant urges that this court adopt the offer of settlement of $11,000 to compromise appellant's claim for services rendered to the estate, or in the alternative to reinstate the Probate Court's original judgment in the amount of $9,500. We question whether the dialogue above set out can lead to the conclusion that a settlement was agreed upon, however, we disposed of the request on the assumption that such was the fact.

By virtue of the provisions of Section 2113.36 Revised Code, *exclusive* jurisdiction is vested in the Probate Court to determine the ultimate question of the reasonableness of attorneys' fees which are to be paid by a fiduciary and which are allowed as part of the expenses of administration.

To this end, this responsibility cannot be usurped in a contested case by agreement of counsel for the estate and counsel representing a lawyer who has presented a claim to the estate as special tax counsel. A figure agreed upon between contestants can in no way be binding on the Probate Judge for the ultimate determination is the reasonableness of the services rendered.

As was pointed out in *In re Estate of Love*, 1 Ohio App. 2d 571, at page 578:

"Exclusive jurisdiction to fix reasonable fees being in the Probate Court, appeal can only be upon questions of law, no other court having jurisdiction to determine such fees *de novo*. Even when the appeal is on questions of law the Court of Appeals can not modify such judgment on the weight of the evidence and render final judgment for such modified amount; but if the judgment is against the manifest weight of the evidence or contrary to law, it must remand the cause to the Probate Court for further proceedings."

Appellant's request as to the $11,000 compromise between counsel does not, however, call for a remand as being contrary to law or against the manifest weight of the evidence, for the trial court did not act on such compromise offer. Had it done so its action would have been erroneous, for it would have failed to make a determination of the reasonableness of the services to the estate.

See also *In re Estate of Hickok*, 159 Ohio St. 282.

Neither can this court accede to the request of the appellant to reinstate the original fee awarded in the journal entry of November 27, 1967, in the amount of $9,500. This court could not substitute its judgment for that of the Probate Court. An examination of that order as hereinbefore

set out also shows a fatal defect. The Probate Judge nowhere made a finding of reasonableness as to the services of appellant rendered to the estate.

On December 29, 1967, within term, and of its own volition, the court vacated its prior order and entered a new order awarding $7,000 "being the reasonable value of the portion of the services rendered by him for the benefit of this estate."

This is the only order which makes a finding of reasonableness as required by the statute.

To argue that a court cannot correct an erroneous order within term is without merit. (For a similar action by a Probate Court see *Bancroft, Estate of*, 81 Ohio Law Abs. 548 at 550.) To claim that such an order is against the manifest weight of the evidence is not borne out by the facts.

The benefit to the estate upon trial to the Tax Court was at best nominal. Only a few hundred dollars separated the proposed figure of settlement originally recommended by appellant and the ultimate finding of the Tax Court. On the other hand, the additional savings to Modestina as a result of the findings of the Tax Court was $15,918.53.

We do not conclude that the Probate Court found manifestly against the weight of the evidence when it determined that the reasonable services renderd to the Estate of Julius Cercone were worth approximately one-fourth of appellant's total billing. This is especially so in view of the fact that approximately $20,000 worth of appellant's billing was directed to services rendered in the preparation and trial of the case in the Tax Court.

"Fees which are reasonable must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made. The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an ironclad rule

other than that reasonable value must be substantiated by the evidence in the case." *In re Estate of Love,* 1 Ohio App. 2d 571, paragraph two of the syllabus.

We find the errors assigned not well taken and the order, judgment and decree of December 29, 1967, by the Probate Court, is affirmed.

*Judgment affirmed.*

LYNCH, P. J., and O'NEILL, J., concur.