IN RE ESTATE OF WHITMORE, DECEASED.

(No. 1853—Decided December 14, 1983.)

*Mr. C. Nevada Johnson, Jr.,* for appellant David N. Brown.

GEORGE, J. On November 8, 1977, the deceased, Paul W. Whitmore, executed a will leaving his estate to his son Donald Whitmore and three grandchildren, William Whitmore, Rose Mary Boyd and Rita Dunbar. This will replaced an earlier will that left the entire estate to Donald Whitmore. Upon the death of Paul W. Whitmore, the 1977 will was admitted to probate and William Whitmore was named executor. Donald Whitmore then filed an action to contest the will.

In defending the will, the three grandchildren hired attorney Harry Van Horsten who engaged David N. Brown as co-counsel. A contingent fee contract was executed whereby Van Horsten and Brown would receive one-third of the

estate due the three grandchildren if the will was found valid. After much negotiation, a settlement was reached whereby the 1977 will was upheld.

The fee due Brown and Van Horsten under the contingent fee agreement as a result of the settlement amounted to approximately $10,000. William Whitmore paid the fee with a check from the estate. Thus, on the final account, the payment of the contingent fee appeared as an expense of the estate. When the final account was presented for the court's approval, this expenditure was questioned. Thereafter a hearing was held and the court determined that a reasonable fee for the will contest defense was $3,000. Further, the court ordered that the amount paid over $3,000 was to be returned to the estate.

Brown raises a single assignment of error:

"The court erred as a matter of law in refusing to recognize the validity and enforceability of the contingent fee contract between the appellants and William Whitmore, Rose Mary Boyd and Rita Dunbar and ordering a refund of fee paid."

It is well-settled that contingent fees are proper in civil cases in general and will contest actions in particular. *Hull* v. *Roseman* (C.P. 1964), 95 Ohio Law Abs. 218 [28 O.O.2d 31]; 6 Ohio Jurisprudence 3d (1978) 690, Attorneys at Law, Section 155. In a successful defense of a will, the court sets the attorney fees to be paid as an expense of the estate. *In re Estate of Teopas* (1960), 116 Ohio App. 506 [22 O.O.2d 322].

Here, however, Brown claims that the court refused to recognize the contingent fee contract. This is not what the court did. Rather, the court authorized the payment of $3,000 from the estate funds as the reasonable amount for legal services rendered to the estate in the defense of the will.

The decision as to the value of the legal services provided for the benefit of the estate is solely within the discretion of the court. A reviewing court may not substitute its judgment as to the reasonableness of the fees allowed. *In re Estate of Cercone* (1969), 18 Ohio App. 2d 26 [47 O.O.2d 20]. Since no abuse of discretion has been shown, the court's determination that $3,000 is a reasonable amount is not subject to review.

The court is not bound by the fees provided for in a contingent fee contract. Rather, it must determine the amount of fees which are reasonably necessary for the services rendered to the estate. Such a determination does not, however, preclude the payment by the beneficiaries of the balance of the contracted fee under the terms of the contingent fee contract.

Based upon the foregoing, there is no error in the order of the court. The judgment is, therefore, affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

MAHONEY, J., concurs in judgment only.