[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising two assignments of error, appellant Lee Bortz challenges the judgment of the probate court that set $4,283 as the fee to be paid for his work in administering the estate of Blanche Daniels.
Blanche Daniels died testate in September 1996, leaving an estate with assets totaling approximately $105,000. According to the terms of the will, Daniels's daughter, Deborah White, was named executor. White thereafter retained Bortz to assist her in administering the estate.
In January 2000, with the estate not yet closed, Bortz filed an application for extraordinary attorney fees in the amount of $9,500. After a hearing, the probate court set Bortz's fee at $4,283.99. This appeal followed.
In his two assignments of error, which we address together, Bortz essentially contends that he was deprived of a reasonable fee. We disagree.
Pursuant to R.C. 2113.36, an attorney who is employed in the administration of an estate is entitled to the payment of a reasonable attorney fee. The probate court is vested with exclusive jurisdiction to set such a fee.[1] In setting a reasonable fee, the court is guided by the factors set forth in DR 2-106(B), which include the time and labor required, the fee customarily charged in the locality for similar legal services, the novelty or difficulty of the questions involved, and the results obtained.[2] An attorney applying for a fee has the burden of providing evidence of the services performed and of the reasonable value of such services.[3]
Here, Bortz submitted an application for $9,500 in legal fees, more than $5,000 in excess of the fee provided by the probate court's guidelines.[4] In setting Bortz's fee, the probate court noted that administration of Daniels' estate should not have been especially complex, and that, to his own fault, many of Bortz's efforts in administering the estate had been fruitless. As a result, after more than three and a half years of administration, much was left to do before the estate could be closed. In light of these circumstances, and despite the fact that Bortz demonstrated that he had expended more than 130 hours on the estate, the probate court determined that it would be unreasonable for him to receive the extraordinary fee requested. Instead, the court determined that $4,282.99 was a reasonable fee for the services that he had provided. Because this determination is neither against the weight of the evidence nor contrary to law,[5] we overrule the assignments of error and affirm the judgment of the probate court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] In re Estate of Verbeck (1962), 173 Ohio St. 557, 184 N.E.2d 384;In re Estate of Cercone (1969), 18 Ohio App.2d 26, 243 N.E.2d 578.
[2] See Hamilton County Common Pleas-Probate Division Loc.R. 71.1, formerly Loc.R. 40.1.
[3] In re Estate of Verbeck.
[4] See Loc.R. 71.1, supra.
[5] See In re Keller (1989), 65 Ohio App.3d 650, 584 N.E.2d 1312
(setting forth standard of review).