ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Appellant, Karen Bird-Mellon, appeals from the judgment of the Probate Court, which overruled her Objections to Magistrate's Report and approved the Final Fiduciary Account for the Estate of Natalie Bird, the decedent. Finding no merit to her appeal, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 3} On August 22, 2001, appellant was appointed as a co-executrix of the estate of Natalie Bird with her cousin, Grace Volpe-Barber, appellee. Appellant resigned as a co-executrix on July 30, 2003, but was awarded fiduciary fees on a pro-rated basis in a hearing before a magistrate on November 13, 2003. These fees were paid by the Estate on December 12, 2003. Appellee Barber was also awarded fiduciary's fees, which were likewise paid to her on December 12, 2003. After receiving her fees, appellee Barber used her funds to remit payment to two law firms that had assisted her in the administration of the estate.
 {¶ 4} The final fiduciary's account was filed with the probate court on January 29, 2004. Appellant filed Exceptions to the Final Accounting, objecting to the fiduciary fees paid to appellee Barber. A probate magistrate held a hearing on these objections and found that appellee Barber had faithfully discharged her duties as executrix such that she was entitled to her fiduciary's fee. Appellant objected to the magistrate's decision, and a hearing was held on July 23, 2004 before the trial judge. The trial court upheld the magistrate's decision and approved the Final Fiduciary's Account, including the disbursal of fiduciary's fees to appellee Barber.
 {¶ 5} Appellant appeals, pro se, and brings two assignments of error. For clarity, we will address the assignments of error together.
 {¶ 6} "I. The probate court erred as a matter of law in ordering the return of an intervivos gift."
 {¶ 7} "II. The judgment of the probate court for the appellee is manifestly (sic) against the weight of the evidence and the findings of fact and the irrevocable intervivos gift must be returned to the estate."
 {¶ 8} A reviewing court shall not disturb the findings of the probate court absent a showing of an abuse of discretion. In re Estate ofWhitmore (1983), 13 Ohio App.3d 170, 171, citing In re Estate ofCercone (1969), 18 Ohio App.2d 26. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. "Regarding factual determinations, a trial court will not be reversed where there is some competent, credible evidence going to all essential elements of the case. Sec. Pacific Natl.Bank v. Roulette (1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438, and C.E.Morris Constr. Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. Under this highly deferential standard of review, even `some' evidence is sufficient to sustain the judgment and prevent a reversal if it applies to all the essential elements of the case. ChicagoOrnamental Iron Co. v. Rook (1915), 93 Ohio St. 152, 112 N.E. 589."Whitaker v. Estate of Whitaker, (1995) 105 Ohio App.3d 46, 53.
 {¶ 9} In her argument, appellant incorrectly cites case law relative to the transmission of an inter vivos gift. The issue in this matter is whether appellee was entitled to her portion of the fiduciary's fee, pursuant to R.C. 2113.35, which states in pertinent part:
 {¶ 10} "If the probate court finds, after hearing, that an executor or administrator in any respect has not faithfully discharged his duties as executor or administrator, the court may deny the executor or administrator any compensation whatsoever or may allow the executor or administrator the reduced compensation that the court thinks proper."
 {¶ 11} Further, Rule 72(B) of the Rules of Superintendence for the Courts of Ohio also empowers the probate court to control the disbursal of fiduciary fees:
 {¶ 12} "The Court may deny or reduce commissions if there is a delinquency in the filing of an inventory or an account, or if, after hearing, the Court finds that the executor or administrator has not faithfully discharged the duties of the office."
 {¶ 13} There is no evidence that appellee failed to perform her duties as an executor in an appropriate manner, nor does appellant demonstrate how the trial court abused its discretion in awarding said fees. Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. This court has repeatedly recognized that "when an individual decides to proceed pro se, [s]he is bound by the same rules and procedures as litigants who retain counsel and must accept the results of [his or her] own mistakes and errors." State v. Socha (Apr. 11, 2002), Cuyahoga App. No. 80002, citing Mackey v. Steve Barry Ford,Inc. (May 30, 1991), Cuyahoga App. No. 58681; Meyers v. First Natl. Bank
(1981), 3 Ohio App.3d 209.
 {¶ 14} It appears that appellant disagrees with the decision of appellee to pay her attorneys once the trial court made the distribution of fiduciary's fees to which she was entitled. The attorney's fees in question were not included in the Final Accounting; once the trial court approved the disbursal of the executor's fee, appellee was free to spend her fee in any manner that she wished. Therefore, appellant was not impacted by appellee's decision to pay the attorneys, and she fails to demonstrate how the trial court erred. Accordingly, both appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., concur.