OPINION
{¶ 1} Appellants, Lawrence A. Simons and David A. Colley, appeal from an order of the Franklin County Probate Court closing the estate of Richard Odebrecht. For the following reasons, we affirm.
 {¶ 2} On October 31, 2003, Richard Odebrecht passed away. He was survived by his wife, Shirley Odebrecht and three children. Pursuant to his will, Mrs. Odebrecht was named the executor of her husband's estate and received all of Mr. Odebrecht's tangible personal property. The will was filed for record only on September 8, 2004, so that an estate tax return could be filed. On October 26, 2004, David A. Colley filed an application to administer the Odebrecht estate. After a hearing, the magistrate appointed Mrs. Odebrecht as the executor of the estate upon her filing of applications to probate the will and to administer the estate. Mr. Colley would be appointed executor of the estate if Mrs. Odebrecht failed to file those applications. The trial court adopted the magistrate's decision on December 6, 2004. One week later, Mrs. Odebrecht filed the necessary applications and was appointed executor. She also filed an application to dispense with an appraisal of the estate because there were no probate assets in the estate.
 {¶ 3} Less than a week after those papers were filed, Mrs. Odebrecht filed a motion requesting an order from the probate court to dispense with the inventory and accounting of the estate. She also requested the court discharge her as the executor of the estate and to close the estate. Lawrence A. Simons, represented by Mr. Colley, objected to Mrs. Odebrecht's motion. Simons claimed to be a beneficiary of a Florida trust for which Mr. Odebrecht was a trustee at the time of his death. Simons claimed that he had not received his interest in the trust and that Mr. Odebrecht or his estate was holding that interest and not disbursing it to him. Simons requested an inventory and accounting of Mr. Odebrecht's estate in order to locate assets of the trust and to properly distribute those assets.
 {¶ 4} The matter was heard before the probate judge on February 9, 2005. During the hearing, Mr. Colley sought to present evidence of litigation in the Florida state courts regarding the Florida trust. Mr. Colley stated that he needed someone appointed to represent Mr. Odebrecht or his estate for service purposes in the Florida litigation. The probate court closed the estate, noting that the trust questions were for the courts in Florida and that there were no assets in Mr. Odebrecht's estate to justify leaving the estate open. At the end of the hearing, Mrs. Odebrecht's attorneys orally requested sanctions pursuant to Civ.R. 11 against Mr. Colley. The trial court granted the request and ordered Mrs. Odebrecht's attorney to submit his fees and expenses. That same day, the probate court filed an order closing the Odebercht estate. That order did not address the probate court's grant of sanctions pursuant to Civ.R. 11.
 {¶ 5} Appellants appeal from the probate court's February 9, 2005 order, assigning the following errors:
[1.] The Probate Court erred in entering its Order Dispensing with Inventory and Accounting, Discharging Executor and Closing the Estate of A. Richard Odebrecht.
[2.] The probate court erred in granting sanctions pursuant to Civ.R. 11.
 {¶ 6} In their first assignment of error, appellants contend the trial court erred by closing Mr. Odebrecht's estate. In response, Mrs. Odebrecht first argues that the court's order is not a final appealable order. We disagree. R.C. 2505.02(B)(1) provides that an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." The probate court's decision to close the Odebrecht estate affected Simons substantial rights in the action and determined the action. The estate is now closed and Simons has no other chance to appeal the court's decision to close the estate. Cf. In re Chapman (June 21, 2001), Cuyahoga App. No. 78296 (order denying reopening of estate is final order pursuant to R.C. 2505.02[B][1]). The probate court's order closing the Odebrecht estate is a final appealable order.
 {¶ 7} Addressing the merits of this assignment of error, we note that the probate court's decision to close an estate will not be disturbed absent a showing of an abuse of discretion. Cf.In re Bird, Cuyahoga App. No. 85130, 2005-Ohio-2186, at ¶ 8, citing In re Estate of Whitmore (1983), 13 Ohio App.3d 170,171. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Appellants did not dispute that there were no probate assets in Mr. Odebrecht's estate. Rather, appellants argued that it was necessary to keep the estate open so that appellants could obtain service of process in the unrelated Florida litigation on Mrs. Odebrecht as the executor of the estate. However, given the absence of probate assets in Mr. Odebrecht's estate, there was no practical reason to keep the estate open regardless of any claim Simons might have against the estate. Therefore, the trial court did not abuse its discretion by granting Mrs. Odebrecht's motion to close the estate. Appellants' first assignment of error is overruled.
 {¶ 9} In their second assignment of error, appellants contest the probate court's oral award of sanctions at the end of the February 9, 2005 hearing. Although the probate court did grant an award of sanctions at that hearing, the award was not memorialized in the February 9, 2005 order from which appellants appeal. It is well-established that a trial court speaks only through its journal and not by oral pronouncement. ProducersCredit Corp. v. Voge, Preble App. No. CA2002-06-009, 2003-Ohio-1067, at ¶ 10, citing Schenley v. Kauth (1953),160 Ohio St. 109, 111. Without a judgment reflecting the probate court's decision, there is no final appealable order. Additionally, the trial court's oral ruling did not specify the amount of the sanction. Even if the probate court's award had been journalized, an award of a sanction is not final until the amount of the sanction is determined. See Brightman v.Brightman (Feb. 28, 2002), Cuyahoga App. No. 79246. Appellants' second assignment of error is dismissed for lack of a final, appealable order.
 {¶ 10} In conclusion, appellants' first assignment of error is overruled and their second assignment of error is dismissed for lack of a final, appealable order. The judgment of the Franklin County Probate Court is affirmed.
Judgment affirmed.
Sadler and French, JJ., concur.