## CRAMER, ESTATE OF In re.

Probate Court, Franklin County.

No. 113867.   Decided October 17, 1946.

Theodore L. Horst, Columbus, William E. Knepper, Columbus, for Administrator.

W. H. Jones, Columbus, and Russ Bothwell, Columbus, for various heirs.

## OPINION

By McCLELLAND, J.

This matter comes before this court upon the application of J. E. Kinney, Administrator of the Estate of Carrie Cramer, deceased, for allowance to him as compensation for extraordinary services rendered by him in litigation growing out of the disallowance of two claims presented to him as such administrator. One claim is in the amount of $8146.00, and another in the amount of $4617.74. These claims were presented to the administrator and rejected by him. Within the statutory time after the rejection, actions on both of said claims were filed in the Common Pleas Court. One case was tried, which resulted in a judgment of approximately $8000.00 against the administrator. The other case was prepared for trial but was never tried. During the interval in which an appeal could be perfected, a suggestion was made that both of said claims be submitted to arbitrators. This was done. The arbitrators made a finding in each one of the cases, which was approved by the Court.

The application alleges, and the testimony discloses that the administrator employed an attorney to defend him in the trial of the two cases above mentioned, and that thereafter the administrator employed another attorney to assist his attorney employed in the defense of said cases. The testimony discloses that the administrator is an attorney-at-law, but that he is not now and has not been engaged in the general practice of law; that he is President of two financial

institutions, and devoting his time and services to those institutions.

The testimony discloses that the administrator assisted in the interviewing of witnesses, and sat with his counsel in the trial of the one case, and also sat part of the time with his counsel in the presentation of the cases before the arbitrators. After stating certain facts in the application, the prayer thereof reads as follows:

"WHEREFORE, your appellant prays that the Court may determine the amount due to him as such administrator as compensation for extraordinary service rendered as such administrator and to determine the value of the services rendered by his counsel herein as set forth in the foregoing application."

On the hearing of this application another Judge sitting as Acting Probate Judge, allowed the sum of $1000.00, as compensation to the two attorneys employed as hereinbefore stated.

At the hearing of this matter the administrator took the witness stand and made a statement of the services which he had rendered to the estate in the investigation of said claims, the defense of one case in the Common Pleas Court, and in the presentation of the defense before the arbitrators. This testimony disclosed that the administrator did conduct some negotiations with the claimants prior to the time the claims were rejected. He also interviewed some witnesses, and sat in the trial of the one case, but did not participate in the legal conduct of the case.

The sole and only question therefore before this Court is whether the administrator, being a member of the bar, could compensate himself for legal services rendered in the estate.

The Court's attention has been called to a reported decision in re: Maas Estate, reported in 38 New York Supplement, 2nd Series, at page 261, in which decision the Court declares that in the absence of statute, a fiduciary, who is an attorney, may not take compensation for legal services rendered by him as such administrator.

Upon examination of Vol. 21 American Jurisprudence, page 532, we find the following language:

"In the absence of statute, the general rule is that where a lawyer becomes executor or administrator, his compen-

sation as such is in full for his services, although he exercises his professional skill therein; and even if he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorneys' fees. * * *."

The Maas case above referred to however does inform us that in 1914 the Surrogate's Court Act was amended and liberalized. The Court uses the following language at page 267:

"The public policy which absolutely forbade an attorney-fiduciary to receive compensation for legal service to his trust continued unchanged until the general revision of the practice in the surrogates' courts made in 1914. In that revision the text of former section 2730 of the Code of Civil Procedure was carried into a new and enlarged section 2753 of that Code. The new matter then added gave power to the surrogate to allow the attorney-fiduciary compensation for legal service rendered in connection with his official duties."
* * *

It is therefore now the rule in New York that a fiduciary who is an attorney, may, upon proper application receive compensation for services which he has rendered to himself.

An excellent review of the decisions of courts of last resort of other states is contained in 36 A. L. R. page 748, and continued in 49 A. L. R. page 1033. On page 748, Vol. 36, we find the following language:

"The general rule is that where a lawyer becomes executor or administrator his compensation as such is in full for his services, though he exercises his professionanl skill therein; and, even if he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorneys' fees."

It is to be noted that the above rule applies in the absence of any statute effecting the same. Then on page 751, the editor calls our attention to decisions of courts of last resort of states which have statutes pertaining to situations now before this court. It refers to cases decided by the courts of Alabama, California, Colorado, Georgia, Michigan, Nebraska, New York, Wisconsin and Ohio. With reference to the Ohio statute, the editor uses the following language:

"OHIO. The statute of Ohio fixing the rate of compensa-

tion for executors and administrators provides for such further allowance as the court shall consider just and reasonable, 'for their actual and necessary expenses, and for any extraordinary services not required of an executor or administrator in the common course of his duty;' and under that statute, extra compensation may be awarded, if extraordinary services have been performed.

Under this act it has been held that an executor may be allowed extra compensation for legal services performed by him. Chatfield v. Swing, (1878) 6 Ohio Dec. Reprint, 666."

It therefore becomes quite obvious that statutes allowing a fiduciary, who is an attorney, compensation for legal service to himself as such fiduciary constitute an exception to the general rule.

The statute of Ohio pertaining to such a situation is 10509-193 GC which reads as follows:

"Such further allowance shall be made as the court considers just and reasonable for actual and necessary expenses, and for extraordinary services not required of an executor or administrator in the common course of his duty. When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees, and, on application of the executor or administrator, or the attorney, shall fix the amount thereof."

Referring to the case of Chatfield and Woods v. Swing, et al., we find the following language constituting syllabus No. 5:

"Services as an attorney at law are such extraordinary services; and where the proper administration of an estate requires such professional service, the executors or administrators may themselves perform such necessary service as attorneys and be entitled to a reasonable compensation therefor."

In our search for Ohio Decisions pertaining to the question now before the Court we have found the case of King,

Executor, v. Teresia Alt et al, reported in 11 N. P. new series, at page 433. Syllabus of that case reads as follows:

"The fact that an executor is also an attorney does not preclude an allowance to him of fees for attorneys employed by him, where no allowance is made to him personally for performance of the same services;" * * *

In the body of that opinion at 436, the Court uses the following language:

"I am of opinion that the fact that the executor was himself a lawyer is not sufficient to preclude an allowance to him for fees to attorneys who represented him. If he had acted as his own lawyer he would have been entitled to compensation for his legal services in addition to his compensation as executor." * * *

This last statement of course is obiter dictum, but it does express the opinion of the Court.

We have also examined the case entitled Estate of E. T. Kohanyi, deceased, reported in Vol. 16 N. P. new series, page 337. At page 352 the Court uses the following language, which may not be exactly in point, but we take it for what it is worth:

"While objections were raised to the payment of these fees, no specific item was attacked as being improper or excessive. The sum of Dobey's objection seems to be that no attorney's fees should be allowed because the administrator himself is a lawyer. While this is true, it does not follow that the administrator would necessarily have to act as his own lawyer because he is one. It is sometimes unwise for a man to act as his own attorney, and it is at all times proper, and sometimes necessary, to call for the assistance of an attorney, where the administrator is situated as this administrator was. No valid reason has been pointed out, and the court can see none, why the amount asked for should not be allowed, and the application to pay these attorney's fees is therefore granted."

A fiduciary who qualifies according to the statute, and undertakes the administration of an estate, or of a trust, assumes the responsibility for the proper administration thereof. He may act for himself or he may employ counsel. If he employs counsel, the obligation is a personal obligation on his

part, and it does not become an obligation of the estate or trust unless and until an application has been filed and an allowance made for the legal services rendered therein. In support of this statement we refer to a case reported in **26 Abs, page 386, Estate of Wellmeier,** from the Probate Court of Montgomery County, Ohio.

We therefore come to the conclusion that under the statutes of Ohio and the decisions of the courts touching the point at issue, a fiduciary, who is an attorney, may receive compensation for legal services rendered by him to himself as such fiduciary. The allowance apparently has been made under the guise of compensation for extraordinary services rendered.

Upon a further examination of §10509-193 GC, we find the following language:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration." * * *

The above language has appeared in the legislation popularly known as the New Probate Code, enacted in 1931, and appearing in Vol. 114, Page 320 of Ohio Laws.

Inasmuch as courts of Ohio have held that a fiduciary, who is an attorney, may be compensated for services which he has rendered under the guise as compensation for extraordinary services, we can see no virtue in resorting to the subterfuge of allowing compensation for legal services under the guise of extraordinary services. A fiduciary has a statutory right to employ counsel other than himself, and to compensate him therefor, and the Court should permit him to be perfectly frank and ask for compensation for legal services performed by him.

We are therefore compelled to come to the conclusion that under the law of Ohio a fiduciary, who is an attorney, may perform his own legal services, if he so desires, and shall be allowed a reasonable compensation for the services so rendered.

Now, how shall we apply the law to the facts hereinbefore set forth? The administrator, as we have said, is a member of the bar, and has not been engaged in the practice of law. He is an officer of financial institutions. He recites in his application that he employed Theodore L. Horst as attorney to represent him as such administrator in the defense

of said two cases. He further recites that he employed William E. Knepper to assist Theodore L. Horst in the defense of said cases. He states that he did interview witnesses, and investigated the claims prior to his rejection thereof. He sat with counsel in the trial of the one case which was litigated. He also sat with his counsel part of the time when the matter was being heard before the arbitrators. The testimony of the administrator discloses that he had only a general knowledge of the administration of estates. It also disclosed that in certain respects he did not have the technical knowledge necessary to a proper administration of the estate. As far as we can see the services which the administrator performed were no more than that which any intelligent layman could have performed under the same circumstances; although such services were extraordinary or unusual in the administration of the estate. The administrator therefore should be allowed compensation for extraordinary services rendered as a layman but not as an attorney.

It is somewhat difficult upon an examination of the record to determine the amount of time which the administrator did spend in rendering extraordinary services, and the Court therefore must be somewhat arbitrary in fixing the amount of his compensation. But, viewing the whole situation as disclosed by the testimony, the Court feels that the sum of $100.00 is a fair and adequate compensation for the administrator for his extrardinary services performed in the litigation over the two rejected claims.

An order may be drawn accordingly.