IN RE ESTATE OF SECOY, DECEASED.

(No. 83 CA 43—Decided
March 13, 1984.)

*John F. Acton,* for appellant.
*Shipman, Utrecht & Dixon Co.,
L.P.A.,* and *William M. Dixon,* for appellee.

BROGAN, P.J. Appellant, Jo E. Wilson, appeals from a judgment of the Miami County Probate Court, which overruled her exceptions to the final account filed by the appellee, William M. Dixon, attorney and executor for the Estate of Charles W. Secoy. Appellant contends in her assignments of error that the trial court erred in overruling her exceptions to the executor's final account because the trial court's finding was against the manifest weight of the evidence and was thus contrary to law.

Charles W. Secoy died on April 11, 1982 and shortly thereafter his last will and testament was admitted to probate in the Miami County Probate Court. Pursuant to the will, attorney William M. Dixon was appointed to serve as the executor of the estate. Dixon, as executor, then hired the firm of Shipman, Utrecht & Dixon Co., L.P.A., of which he was a member, to act as attorney for the executor. The entire estate, as verified by the final account, together with the Ohio Estate Tax Return, consisted of probate assets of $113,321.45 and non-probate assets of more than $49,000.

In the final distributive account, Dixon reported that he paid himself an executor's fee, in accordance with R.C. 2113.35, of $2,892.10. In addition, the executor paid William M. Dixon of Shipman, Utrecht & Dixon Co., L.P.A., total attorney fees of $4,271.87. Thereafter appellant excepted to the payment of the attorney fees by the executor contending that the fees were not authorized by law. After a hearing was conducted by the probate court, the court overruled the exceptions. After a motion for findings of fact and conclusions of law was made by the appellant, the probate court made the following factual and legal conclusions:

"1. William M. Dixon, attorney at law, of the law firm of Shipman, Utrecht and Dixon Co., L.P.A. is an expert in probate practice.

"2. William M. Dixon, as executor of the estate of Charles W. Secoy hired his law firm to assist in legal matters in the settlement of the estate.

"3. This court by rule has established guidelines for fees charged by attorneys as prima facie reasonable.

"4. William M. Dixon acted as the attorney of Shipman, Utrecht and Dixon, representing himself as executor.

"5. His fees as executor were fixed by statute, which fees he took.

"6. He did not keep complete records of his time spent as attorney, but partial records do show he spent *28+* hours, the great bulk of which were as attorney.

"7. Attorney's fees were not discussed at the first meeting with the heirs.

"8. The exceptor, Jo Ellen Wilson, performed services pertaining to the transfer of joint and survivor and payable on death certificates of deposit, medical insurance claims, cancellation of magazine subscriptions, and selecting a memorial marker. Attorney Dixon did not charge for the items performed by her.

"9. Attorney J. David Harris, Columbus, Ohio licensed as an attorney in 1975 testified that he charges $60 an hour for estate work and that a reasonable fee for legal services in this estate would be $1500 to $2500.

"Attorney Dixon's fees as attorney were $4,271.87 and were within the guidelines of the court as prima facie reasonable.

"Attorney Harris stated that Attorney Dixon's charges were unreasonable. He also testified that the percentage of cost for smaller estates is greater than larger estates when fees are charged on an hourly rate basis.

"Conclusions of Law

"1. It was argued that an attorney who acts as fiduciary is charged with bringing his legal acumen and expertise to the trust and that, therefore, it is not necessary to employ an attorney, whether his own firm or otherwise. If this reasoning is correct then the expenditure for attorney fees would be im-proper. The court thinks that this would give a twisted application to an accepted principle of trust law. It would be analogous to a corporate director, who is an attorney at law, being required to act as legal counsel for the corporation. Rather the intent is to prevent a fiduciary from denying his skill and expertise in a situation that calls for its exercise. In other words he cannot hide behind his alter fiduciary ego and be exonerated for lapses of skill that should have been exercised by him because he knew better.

"2. The charges were within the guidelines allowed by the court. The fact that another attorney might have charged less is not material. The charges were prima facie reasonable. Mr. Dixon kept only partial time records. However, time spent is only one criterion of reasonable value. Mr. Dixon qualifies as an expert practitioner in probate law and the hours he spent would necessarily be fewer.

"The Court does not find anything improper about the charges, and accordingly overrules the exceptions to the account."

R.C. 2113.36 permits an executor to employ an attorney in the administration of an estate, and reasonable attorney fees paid by an executor shall be allowed as part of the expense of administration. While there is considerable contrary authority, the majority rule appears to be that in the absence of statute otherwise providing, an executor or administrator is not generally entitled to extra compensation for legal services rendered by him in connection with the estate. Annotation (1959), 65 A.L.R. 2d 809, 810. This would seem to apply with equal application to the employment of the executor's law firm. *In re Parker's Estate* (1926), 200 Cal. 132, 251 P. 907; *In re Scherer's Estate* (1943), 58 Cal. App. 2d 133, 136 P. 2d 103.

Statutes in a number of jurisdictions have been construed as authorizing the allowance of extra compensation to an

executor or administrator for legal services rendered by him. Annotation (1959), 65 A.L.R. 2d 809, 819. See *In re Estate of Cramer* (P.C. 1946), 46 Ohio Law Abs. 521 [34 O.O. 316]; *Cleveland Bar Assn.* v. *Pleasant* (1958), 167 Ohio St. 325 [4 O.O.2d 433], certiorari denied (1958), 358 U.S. 842.

The sensitive nature of counsel wearing two "hats" in the administration of an estate was noted by the Real Property, Probate and Trust Law Section of the American Bar Association in their adoption of a Statement of Principles regarding probate practices. While they took the position an attorney may serve as both executor and attorney for an estate, the members of the Section suggested such a practice should be discouraged except in those situations where there is a close personal or family tie and acting as an executor would provide a useful service, or where the estate is too small to interest a corporate fiduciary and there is no family member to undertake the responsibility. Seminar on Estate Lawyers 1975-2000, A Baker's Dozen Topics (1975), 10 Real Prop. Prob. & Tr. J. 243; see, also, Annotation (1979), 92 A.L.R. 3d 655, 660.

The trial court in its conclusions of law states the attorney fees allowed were within the guidelines allowed by the court. Apparently, the trial court was making reference to the Miami County Probate Court Local Rules as Amended June 1, 1981 which read in pertinent part:

"II Fees for Attorneys

"Fees charged by attorneys in accordance with the following guidelines will be prima facie reasonable and be approved by the Court. Values upon which fees are computed will be finally determined by taxing authorities, without regard to any special use valuation or delayed payment schedule under either federal or Ohio law.

"* * *

"C. Extraordinary Fees

"Fees for extraordinary services of the attorney may be allowed on application by the fiduciary, or by the attorney on notice to all interested parties. The attorney will be required to support the reasonableness of the total amount of attorney fees."

In the case of *In re Estate of Hickok* (1953), 159 Ohio St. 282 [50 O.O. 290], the Supreme Court reversed the order of the Probate Court of Lucas County where the court in fixing the fee for ordinary services of the attorney for the estate applied the fee schedule promulgated by the judge of the probate court and approved by the local bar association. The court stated at 284 in its opinion:

"It will thus be seen that both the will and the statute authorizing the payment out of the estate of attorney fees for services rendered in the administration of the estate provide for the payment of *reasonable* fees. Where, as here, a judicial determination is required to fix the amount to be thus paid, the determining factor is the *reasonable* value of the services. This determination cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values." (Emphasis *sic*.)

In 1962, the Supreme Court held in the case of *In re Verbeck* (1962), 173 Ohio St. 557 [20 O.O.2d 163], that the burden is upon the attorneys to introduce into the record sufficient evidence of the services, to justify reasonable attorney fees in the amount awarded. The court specifically held that the probate court could not make a determination of reasonableness of the fees solely by reference to the probate court "file" (an allusion to the insufficiency of fee guidelines alone as a basis for the award).

The Court of Appeals for Franklin County held in *In re Estate of Love* (1965), 1 Ohio App. 2d 571 [30 O.O.2d 595], that reasonableness of attorney fees under the provisions of R.C. 2113.36 must be awarded in accordance

with *Verbeck* and *Hickok, supra.* In paragraph two of the syllabus, the court went on to hold:

"Fees which are reasonable must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made. The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in the particular case. The facts and circumstances vary so much from case to case that it is impossible to set forth an iron-clad rule other than that reasonable value must be substantiated by the evidence in the case."

See, also, *In re Estate of Cercone* (1969), 18 Ohio App. 2d 26, 32-33 [47 O.O.2d 20], which cites with approval *In re Love, supra,* at paragraph two of the syllabus.

It is within the right of an executor or administrator to employ counsel to assist him in the common course of his duties and the compensation of such counsel, if found to be reasonable, is a legitimate part of the expense of administration, but such right would not justify the employment of counsel to perform the services or duties imposed upon the fiduciary and counsel. *In re Haggerty* (P.C. 1954), 70 Ohio Law Abs. 463. In *Haggerty,* the court stated at 469 and 470 in its opinion:

"* * * At the same time the carrying out of the obligations of a fiduciary may entail the practice of law which if the fiduciary is not a lawyer necessarily contemplates the employment of counsel. The question here is sometimes complicated by the fact that the individual fiduciary, being a lawyer, acts as his own counsel, a situation which will hereafter be considered. * * *

"* * * Here, however, it seems doubly important that an accurate record be kept by the fiduciary for (a) time and services rendered by him as fiduciary and (b) the time and services rendered by him as counsel."

The duties of a fiduciary are numerous and are enumerated in the Probate Code. See, *e.g.,* R.C. 2109.27 and 2109.30. In *Haggerty,* the court listed many of these duties at paragraph seven of the syllabus:

"Where a fiduciary proceeds to the administration of an estate either under a will or under the law he undertakes certain well-defined duties having to do among other things with his qualification as fiduciary: investigation in such capacity as to the identity of beneficiaries; the nature and extent of the assets; arrangements for appraisals leading to the preparation and filing of the inventory and appraisement; the determination and payment of inheritance and other taxes; the filing of schedule of debts; the determination and allowance of claims against the estate; the transfer of real estate; the sale of personal property or its distribution in kind; the setting up and maintaining of accounts showing the receipt of money and assets, and payment of bills, expenses and distribution; the filing with the Court of an accounting of his administration; and the conferences with interested third parties which arise from the very nature of his duties."

It is common experience that laymen, when appointed as a fiduciary by the court, seek the assistance of legal counsel to perform these statutory tasks. It is therefore critical for the court to examine what services have been provided by the fiduciary and which have been performed by counsel. To the extent that the fiduciary has abrogated many of his non-legal responsibilities to the lawyer, then he should be required to reimburse the attorney for the services the attorney provided. Likewise, when a lawyer chooses to perform "non-legal" function, he should not expect compensation based on his expertise as a lawyer. The roles of the lawyer and the personal representative undoubtedly need clarification. Martin,

Professional Responsibility and Probate Practices, 1975 Wis. L. Rev. 911.

No area of the law has been' subjected to more intensive criticism than the probate practice. Great delays and high costs in fees and expenses were cited in the popularization of the idea that probate should be avoided. Dacey, How to Avoid Probate (1965), was a nationwide best seller. The general retreat from fee schedules followed by the clear pronouncement of their illegality, and the public criticism and outcry leveled at high cost and delay connected with probate justify the American Bar Association's Statement of Principles' emphasis on fees and expenses and the necessity for fairness and flexibility in setting levels of compensation. *Goldfarb* v. *Virginia State Bar* (1975), 412 U.S. 773; Martin, Professional Responsibility and Probate Practices, *supra,* at 914-915.

In the matter *sub judice,* the testimony is uncontradicted that Dixon performed his roles as executor and attorney in a most competent and efficient manner. The estate was not a complex one.[1] It contained liquid assets of a readily ascertainable value. Dixon admitted he only kept partial time records in the handling of the Secoy estate because he relied on the attorney fee schedule adopted by the Miami County Probate Court.

"[Mr. Acton] Q: Could you tell us, if not actually, an estimate of how much time you've spent performing legal duties for the executor of this estate?

"[Mr. Dixon] A. I cannot tell you, no.

"[Mr. Acton] Q. But . . .

"[Mr. Dixon] A. Let me explain the reason I can't tell you is because as I indicated before we do not keep records in estates, full records, because the attorney fees have been set by the Court and has [*sic*] been automatically approved by the Court. We have never been in a position where we had to prove the amount of time that we have spent in an estate so it's not been necessary to keep records at all, and I really cannot estimate the time.

"Q. I see.

"A. It's a matter I think of result."

Dixon testified he spent far more time on the estate than he listed in his time records (twenty-eight hours). He was unable to estimate the additional time spent. He testified that he was an expert in probate law and that he charged $90 per hour in his business practice. He does not have a customary hourly rate for estate work.

Jo Ellen Wilson, the deceased's daughter, testified she obtained the transfer of the certificate of deposits after obtaining tax releases for Dixon. She also filed death claims with the deceased's insurance companies.

J. David Harris, an attorney from Columbus, Ohio, testified on behalf of the appellant and stated he believed the fee charged by Dixon to be unreasonable. He stated he was admitted to practice in 1975 and concentrated his practice in probate administration. He stated he examined the final account in the estate, found it to be a simple estate, and therefore found the fee charged by Dixon to be unreasonable. He stated he believed the executor, as an attorney, did not need to hire an attorney.

The trial court placed great emphasis on the fact that Dixon's attorney fees were prima facie reasonable because they conformed to the local court's rules. While such a statement might carry some weight where there has not been an exception or challenge filed to their reasonableness, a "prima facie" quality to that evidence is incorrect where the fees are subject to contest. The burden is on the executor to establish the reasonableness of the attorney fees incurred. *In re Verbeck, supra.* The burden of proof never shifts from the executor to the exceptor.

---

[1] Five certificates of deposit, an income tax refund check, four uncashed checks and residence property.

Where the attorney and executor are one and the same, the value of the services provided by the attorney and their reasonableness must be demonstrated on the record by the executor.

A probate judge is qualified to make a determination, upon evidence, of reasonable fees to be paid from an estate without the necessity of expert testimony. If expert testimony is presented, the credibility of such testimony and the weight to be given it along with other evidence presented is for the probate court, as trier of the facts, to determine. *In re Love, supra.*

R.C. 2113.36 places exclusive jurisdiction to determine reasonable attorney fees in the probate court. Appeal can only be on questions of law, and the only question before the appellate court is whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. *In re Love, supra.*

We are unable to determine whether the trial court determined the fees were "reasonable" because they did not exceed the fee schedule of the probate court or were reasonable because of the value of the legal services provided this estate.

Accordingly, the judgment is reversed and remanded to the trial court for a finding consistent with this opinion.

*Judgment reversed
and cause remanded.*

KERNS, J., concurs.

WILSON, J., dissents.

KERNS, J., concurring. The rationale adopted by the Supreme Court of Ohio in the case of *In re Estate of Hickok* (1953), 159 Ohio St. 282 [50 O.O. 290], is dispositive of the only issue in this appeal, but it perhaps should be pointed out with some emphasis that the record shows that the appellee, William M. Dix-

on, charged no more than the usual fees established by the local rules of the Probate Division of the Court of Common Pleas of Miami County.

However, the rules governing fees are merely guidelines, and where such guidelines are contested, either upwards or downwards, the court is required to hold a hearing to determine the reasonable value of the services under the facts and circumstances of the particular case. Manifestly, the policy determination that certain fees are based upon a prima facie showing of reasonableness is not conclusive of the issue, and it is for this reason alone that the cause is being remanded to the trial court.

WILSON, J., dissenting. The implicit finding of the trial court that the fees were reasonable is supported by some competent and credible evidence. I would affirm.