OPINION
This is an appeal from an order of the Probate Division of the Court of Common Pleas of Montgomery County overruling exceptions to the final account filed in the Estate of Mary Elizabeth Allen Centers. The appellants are beneficiaries of the estate, and the appellee is the National City Bank, as executor of the estate.
In this court, the appellee has elected not to file a brief, and the court, therefore, "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
In this regard, the appellants urge that "the judgment of the trial court overruling the objections to the attorney fee in the estate was against the manifest weight of the evidence and amounted to an abuse of the court's discretion." In support of this alleged specification of error, the appellants argue that the appellee failed to present any substantive, probative evidence to support the reasonableness of the claimed attorney fee set forth in the final account.
According to the record, the hearing of the matter was conducted with some informality, and no evidence, as such, was presented in the traditional manner. Instead, the colloquy dwelled upon the statutes and rules which govern the allowance of fees, but in the face of the exceptions filed by the beneficiaries, nothing specific was presented relative to a substantial part of the attorney fee.
In the case of In re Estate of Lowe (1965), 1 Ohio App.2d 571, the court commented upon the law applicable to the present case as follows:
 "Where a judicial determination is required to fix the amount of attorney fees to be paid out of the estate, the determining factor is the reasonable value of the services, and this determination cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values. See In re Estate of Hickok (1953), 159 Ohio St. 282, at page 284.
 Neither is the file alone sufficient evidence to justify an award of fees for extraordinary services in a controverted case. Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable. See In re Estate of Verbeck (1962), 173 Ohio St. 557."
 Id. at 578.
The case of In re Estate of Lowe, supra, was cited favorably by this court in In re Estate of Secoy (1984), 19 Ohio App.3d 269, where the court concluded that "the value of services performed by the attorney and their reasonableness must be demonstrated on the record by the executor." Id. at 274.
Here, the attorney for the executor is apparently highly skilled in his field, and his hourly rate, under the circumstances, was undoubtedly reasonable, but the record is presently devoid of any specific explanation as to the services rendered and the time spent in arriving at the overall fee. Hence, the order of the trial court, being against the manifest weight of the evidence, must be reversed and the cause remanded to that court for a further hearing of the matter.
WOLFF, J., and FAIN, J., concur.
(HON. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Frank B. Williams, Paul M. Courtney, David S. Ginger, Ray A. Cox, Thomas F. Harvey, HON. GEORGE J. GOUNARIS