[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION.
Joseph C. Kammer is the attorney for the Estate of Mary Rothert. Rothert was an elderly woman who lived in a nursing home with no known surviving next of kin. Rothert bequeathed specific amounts to two of her friends and left the remainder of her estate in equal shares to three charities, Ohio Senior Services, Inc., The Salvation Army, and the Cincinnati Association for the Blind. None of the beneficiaries have responded to Kammer's appeal, which relates to the administration of attorney fees.
Kammer acted as both executor and attorney for the estate. Kammer applied for executor fees, attorney fees, and extraordinary executor fees relating to the performance of extraordinary duties, including making funeral arrangements for Rothert. All of the beneficiaries agreed to the fees requested by Kammer. The probate court held a hearing on Kammer's application and awarded him the statutory executor fees and extraordinary fees. But the court only awarded one-half of the requested attorney fees. It is uncontested that Kammer administered Rothert's estate in a professional and timely manner. The decision was based on Loc.R. 71.1(F) of the Hamilton County Court of Common Pleas, Probate Division, which states that when an attorney acts as both the executor and the attorney for an estate, the attorney is only entitled to one-half of his attorney fees if he receives the full executor fee. In his sole assignment of error, Kammer asserts that the trial court erred in arbitrarily applying the fee guidelines outlined in Loc.R. 71.1(F).[1] We agree.
In addition to executor commissions allowed pursuant to R.C. 2113.35, R.C. 2113.36 permits the payment of reasonable attorney fees for services rendered in the administration of an estate. The determination of what services are reasonable and the value of those services lies within the sound discretion of the probate court.[2] Loc.R. 71.1(F) provides that "[w]here the attorney, law partner, or firm associate is appointed as fiduciary, the total administration fee for ordinary administration maynot exceed the statutory fiduciary commission plus one-half of the attorney fees." (Emphasis added.) The use of the word "may" in a statute or rule usually indicates that the provision in which it is contained is "optional, permissive or discretionary."[3] Consequently, the decision whether to apply the attorney-fee standard in the local rule is discretionary, and it is not the only remedy available. In this case, it appears that the trial court's application of Loc.R. 71.1(F) did not involve an exercise of discretion. This court has never addressed the application of Loc.R. 71.1(F), but other appellate courts have discussed similar local rules, and we find their reasoning persuasive.
In In re Estate of Lindquist,[4] the attorney served as both executor and attorney for the estate. In addressing whether the probate court erred in reducing the attorney's statutory fee by one-half pursuant to the local rules, the Eleventh Appellate District stated that it was aware of no authority that empowered a probate court to uniformly reduce by one-half the fee allowed by R.C. 2113.35 whenever an attorney also served as executor for the estate. It held that a probate court cannot mechanically award the sum produced by a fee schedule where an objection is made, because the local rules only provide guidelines as to what constitutes a reasonable fee. The appellate court went on to say that the probate court must exercise independent judgment when determining the reasonable value of the actual legal services performed. It remanded the case so that the probate court could hold a hearing on the reasonable value of the services.
In In re Estate of Daily,[5] the Twelfth Appellate District similarly held that a probate court may not make its determination of reasonable attorney fees based solely upon the case file or local court guidelines, but that the court must allow the presentation of evidence by the attorney and assess the value of the services preformed by the attorney. In In re Estate of Secoy,[6] the Second Appellate District cautioned that the determination of a reasonable attorney fee under R.C. 2113.36
cannot rest solely on the application of a predetermined formula.[7]
Further, the court cautioned that an attorney should only serve as both the attorney and the executor for an estate when, as in this case, there is no family member to undertake the responsibility.
It is clear that the application of Loc.R. 71.1(F) in Hamilton County is discretionary. Thus, the probate court retains discretion to determine what constitutes a reasonable fee pursuant to R.C. 2113.36, and that discretion cannot effectively be exercised solely by the application of a predetermined formula. While the facts vary so much from case to case that it is impossible to set forth a bright-line rule other than that of reasonable value, consideration of the reasonableness of the fees must take into account all the relevant factors relating to the attorney's services.[8] Because the probate court in this case failed to evaluate the reasonableness of the attorney fees and arbitrarily applied Loc.R. 71.1(F), we find Kammer's assignment of error to be meritorious. Accordingly, we reverse the probate court's judgment insofar as it relates to the award of attorney fees and remand this case for a hearing to determine the reasonableness of the attorney fees based on the value of the services rendered and not solely upon the formula provided in Loc.R. 71.1(F).
Judgment reversed and cause remanded.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] Kammer has incorrectly cited the local rule as Loc.R. 40.1, which does not exist in Hamilton County.
[2] See In re Estate of Fugate (1993), 86 Ohio App.3d 293, 298,620 N.E.2d 966, 969.
[3] In re Galloway (1991), 77 Ohio App.3d 61, 71, 601 N.E.2d 83,90, citing Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102,107, 271 N.E.2d 834, 837.
[4] (Oct. 7, 1994), Portage App. No. 93-P-0110, unreported.
[5] (Nov. 1, 1999), Madison App. No. CA99-03-011, unreported.
[6] (1984), 19 Ohio App.3d 269, 484 N.E.2d 160.
[7] See id.
[8] See id. at 272, 484 N.E.2d at 163.