DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, denying an estate's co-administrator extraordinary attorney fees. Because we conclude that the trial court properly denied extraordinary fees and computed and divided fiduciary fees according to law, we affirm.
 {¶ 2} When Charles Lewis died on December 14, 1999, he bequeathed a life estate in real property to his wife, Alice C. Lewis, and directed that the residue be divided equally between Alice Lewis and Charles Lewis' nephew, appellant, William H. Lewis. Appellant became the sole administrator of Charles Lewis' estate.
 {¶ 3} Four months later, on April 27, 2000, Alice Lewis died testate. Appellee Sandra Kay Krieger, Alice Lewis' adopted daughter, appears to be the principal beneficiary of Alice Lewis' estate. Appellant is not a beneficiary of the Alice Lewis estate.
 {¶ 4} When Alice Lewis died, appellant and Alice Lewis' guardian, appellee Joyce A. Segur, each, independently, filed an application to administer her estate. The court eventually appointed the two as co-administrators. Friction between the co-administrators apparently soon followed.
 {¶ 5} On October 17, 2000, appellee Krieger moved the court to remove appellant as co-administrator of the Alice Lewis estate. Krieger alleged that appellant had refused to cooperate with Segur to request information on certain joint bank accounts in which Alice Lewis may have held a survivorship interest. Krieger further alleged that appellant paid real estate taxes out of Alice Lewis' estate when the estate had no remainder in that property. Krieger argued that appellant, as a beneficiary of the Charles Lewis' estate, had an interest in directing assets to that estate and away from the Alice Lewis estate in which he was not a beneficiary. Following a hearing on February 15, 2000, the trial court decided to retain appellant as co-administrator, concluding that Segur, as co-administrator, acted as a check on any self-dealing appellant might attempt.
 {¶ 6} On March 22, 2001, appellant applied for $7,343.59 in "extraordinary" attorney fees which he claimed for his defense against the application for his removal. Appellee Krieger objected to appellant's request, pointing out that appellant's counsel for both Charles Lewis' estate and Alice Lewis' estate was Attorney Clint McBee. In essence, Krieger asserted, Attorney McBee was using his application for extraordinary fees to obtain money from the Estate of Alice Lewis.
 {¶ 7} The matter came on for hearing on July 11, 2001. On the same day, appellees Krieger and Segur joined in a second motion to remove appellant as co-administrator, and disqualify attorney McBee. Appellees reported that since the first motion, appellant and attorney McBee had actively sought to direct bank accounts consisting of approximately $100,000 into the Charles Lewis estate to the exclusion of the Alice Lewis estate, while nonetheless purporting to be in a fiduciary relationship with the latter. Appellees claimed appellant had rejected compromise and mediation.
 {¶ 8} On August 30, 2001, appellant resigned as co-administrator of Alice Lewis' estate. On October 31, 2001, attorney McBee filed a second application for fees in the amount of $14,859.15. On November 6, 2001, the trial court ordered that the disputed bank
 {¶ 9} accounts be divided equally between the two estates. The court subsequently denied appellant's motions for extraordinary fees and ordered that attorney fees for the estate be computed in accordance with the guidelines of the Lucas County Probate Court and divided equally between counsel for the co-administrators. Additionally, fiduciary fees were also ordered to be computed in accordance with the court guidelines and divided equally between the co-administrators. From these judgments, appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 10} "I. The trial court erred by denying appellant's applications for the allowance of attorney fees as requested, and by ordering the fees to be computed, instead, in accordance with the Lucas County Probate Court fee guidelines.
 {¶ 11} "The Local Rule of the Lucas County Probate Court requires the fiduciary to file an application for the allowance of all attorney fees, with some exceptions that are not pertinent herein.
 {¶ 12} "II. The trial court erred as a matter of law by ordering appellant's fiduciary fee to be computed under the guidelines of the Lucas County Probate Court, because there are none.
 {¶ 13} "A) Executors and administrators are allowed commissions pursuant to ORC 211.35."
 I. Attorney Fees {¶ 14} Appellant insists that because he followed the local rules in applying for attorney fees and that he presented unrefuted expert testimony that those fees were reasonable for the services performed, he should be, of right, entitled to those fees. Under these circumstances, appellant maintains, it was error for the trial court to deny him such fees.
 {¶ 15} R.C. 2113.36 provides, in material part:
 {¶ 16} "Allowances * * * for an executor or administrator, which the probate court considers just and reasonable shall be made for actual and necessary expenses and for extraordinary services not required of an executor or administrator in the common course of his duty.
 {¶ 17} "Upon the application of an executor or administrator for further allowances for extraordinary services rendered, the court shall review both ordinary and extraordinary services claimed to have been rendered. * * *
 {¶ 18} "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof. * * *"
 {¶ 19} Although not directly related to this statute, there is a large body of probate law which holds that where parties participate in litigation, not in any way for the general
 {¶ 20} benefit of the estate, but in attempts to gain portions of the estate for themselves, expenses and attorney fees should be denied.Kirkbride v. Hickok (1951), 155 Ohio St. 165, 169; In re Estate of Brown
(1992), 83 Ohio App.3d 540, 542; In re Estate of Fugate (1993),86 Ohio App.3d 293, 299; Hooks v. Owen (1998), 130 Ohio App.3d 38,44-45.
 {¶ 21} Appellant insists that the reason for the extraordinary attorney fees was for the defense of appellant against two ultimately unsuccessful attempts to remove him as co-administrator. Appellees' position, and the one apparently favored by the trial court, is that appellant's refusal to cooperate, his improper payment of property taxes and his attempt to direct the whole of the disputed bank accounts away from the Alice Lewis estate were the precipitory factors underlying the removal petitions and the root causes of the attorney fees sought.
 {¶ 22} The burden of persuasion as to the reasonableness of attorney fees rests with the proponent of those fees. In re Estate ofSecoy (1984), 19 Ohio App.3d 269, 271. The fees must be reasonable, not only from the standpoint of the attorney rendering the services, but from the standpoint of the estate out of which the payment is to be made. Id. at 272.
 {¶ 23} In this case, although appellant's expert may have established that the fees sought were reasonable from the standpoint of the attorney rendering services, he did not make the same point relative to the estate which would be charged. Indeed, the expert, on questioning by the court, conceded that the two estates had competing interests in this
 {¶ 24} matter and that had he, the expert, encountered a similar situation he would have taken a neutral position as to which estate should get the contested funds. On this testimony, we must concur with the trial court that appellant failed to meet his burden of persuasion relative to the extraordinary attorney fees.
 {¶ 25} What remains is a local rule computation of presumptively reasonable fees based on the size of the estate and that these presumptively reasonable services were performed by two attorneys. Absent evidence to the contrary, it is certainly reasonable to conclude that the ordinary legal duties were divided evenly among the two counsel, at least up until the point that appellant resigned as co-administrator. In any event, the trial court's ruling with respect to attorney fees was supported by the evidence and was within the court's discretion. Accordingly, appellant's first assignment of error is not well-taken.
 II. Fiduciary Fees {¶ 26} In his second assignment of error, appellant maintains that the trial court could not properly order fiduciary fees to be computed by local compensation guides, because there are none. Appellant argues that fiduciary fees should be computed using the calculations set forth in R.C. 2113.35. Moreover, appellant insists, the statute does not provide for the division equally between co-administrators.
 {¶ 27} R.C. 2113.35 provides:
 {¶ 28} "Executors and administrators shall be allowed commissions upon the amount of all the personal estate, including the income from the personal estate, that is received and accounted for by them and upon the proceeds of real estate that is sold as follows:
 {¶ 29} "(A) For the first one hundred thousand dollars, at the rate of four percent;
 {¶ 30} "(B) All above one hundred thousand dollars and not exceeding four hundred thousand dollars, at the rate of three per cent;
 {¶ 31} "(C) All above four hundred thousand dollars, at the rate of two per cent.
 {¶ 32} "Executors and administrators also shall be allowed a commission of one per cent on the value of real estate that is not sold. Executors and administrators also shall be allowed a commission of one per cent on all property that is not subject to administration and that is includable for purposes of computing the Ohio estate tax, except joint and survivorship property.
 {¶ 33} "The basis of valuation for the allowance of such commissions on real estate sold shall be the gross proceeds of sale, and for all other property the fair market value of the other property as of the date of death of the decedent. The commissions allowed to executors and administrators in this section shall be received in full compensation for all their ordinary services.
 {¶ 34} "If the probate court finds, after hearing, that an executor or administrator, in any respect, has not faithfully discharged his duties as executor or administrator, the court may deny the executor or administrator any compensation whatsoever or may allow the executor or administrator the reduced compensation that the court thinks proper."
 {¶ 35} The statutorily allowable fiduciary fees contained in R.C.2113.35 exactly parallel the computation provided for in Lucas County Probate form 13-CF for "Computation of Fiduciary Fees." Consequently, appellant's argument with respect to the trial court's failure to apply the statute is spurious.
 {¶ 36} Appellant also contends that the statute provides that the only way to reduce fiduciary fees is with a finding of unfaithfulness. Since the trial court made no such finding with respect to him, appellant insists that he is entitled to full compensation for the services he performed as co-administrator of the estate.
 {¶ 37} Appellant confuses a reduction of fiduciary fees with a division of compensation. The statute provides that only on a finding of unfaithfulness may the court deny or reduce the administrator's statutory fee. In this matter, the court has merely divided the statutory fee between the two administrators who were co-appointed. Were we to accept appellant's argument, every estate with co-administrators would need to be twice taxed with fiduciary fees. This would be an absurdity which we may not assume the legislature to intend. State ex rel. Cooper v. Savord
(1950), 153 Ohio St. 367, paragraph one of the syllabus.
 {¶ 38} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 39} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Costs to appellant.
Judgment Affirmed.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J. and Arlene Singer, J., concur.