JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Anna Garncarz ("Garncarz") appeals the March 30, 2006 judgment entry of the Cuyahoga County Court of Common Pleas, Probate Division, awarding attorney fees in the amount of $12,951.50. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On February 24, 2004, John F. Brady (the "decedent") died testate. His will directed that all expenses of the Estate be paid and that any remainder be placed into the Trust established for the benefit of his two children, S.B. and C.B., minors.[1] The decedent's ex-wife, Cynthia Cawthorne ("Cawthorne"), as natural mother of both children, was appointed as Guardian of C.B. Decedent's will also named Garncarz, his sister, as Executor of his estate. Garncarz, who lives out of state, hired the law firm of Corsaro Associates Co., L.P.A. ("Corsaro") to assist in the administration of the estate.
 {¶ 3} Early in the administration of the Estate, Cawthorne hired attorney Timothy Sterkel ("Sterkel") to represent the interests of the decedent's children. Shortly thereafter, Sterkel was replaced by attorney Charles Laurie ("Laurie"). On April 13, 2005, Cawthorne moved for approval of attorney fees in the amount of $2,306.51. Attached to the motion was Laurie's itemized bill for 35.4 hours. On *Page 4 
September 15, 2005, Garncarz moved for approval of attorney fees in the amount of $23,847.56. Attached to this motion was Corsaro's itemized bill for over 150 hours.
 {¶ 4} On September 19, 2005, a magistrate conducted a hearing on the motions for attorney fees. There is no transcript of this proceeding.
 {¶ 5} On October 17, 2005, the magistrate issued a judgment regarding the attorney fees. With regard to Corsaro's attorney fees, the magistrate stated that it considered all the factors enumerated in DR 2-106. The magistrate found that "much of the time involved estate administrative services which * * * should have been performed by the fiduciary rather than the attorney." The magistrate further found that Corsaro's hourly rate of $150 to $185 an hour was unreasonable and that "a review of the time spent on this case reflects beneficial services of approximately 75 hours of time." The magistrate, therefore, reduced Corsaro's hourly rate to $100 an hour and approved attorney fees in the amount of $7,500, plus an additional $1,000 to conclude the estate administration for a total amount of $8,500. With regard to Laurie's attorney fees, the magistrate approved all of his submitted hours but reduced his hourly rate to $100 per hour for a total amount of $3,728.03.
 {¶ 6} On October 24, 2005, Garncarz filed a motion for findings of fact and conclusions of law requesting that the magistrate clarify the bases for its decision to reduce the amount of attorney fees requested by the Estate.
 {¶ 7} On January 27, 2006, the magistrate issued an amended decision regarding the attorney fees. In the amended decision, the magistrate stated that it *Page 5 
conducted a "thorough review of the file and a line-by-line examination of the application for attorney fees." Based on this examination, the magistrate listed a number of dates and determined that the services for these dates[2], a total of 42.5 hours, should be deducted from the application because they were fiduciary in nature for which Garncarz, as the executor, would receive a statutory compensation. Specifically, the magistrate noted that "many hours were spent coordinating the sale of de minimis household goods, the sale of real estate and other personal assets * * * services that should have been performed by the fiduciary rather than the attorney."
 {¶ 8} The magistrate further determined that 32.4 hours of services should be deducted from the application because they were "unproductive" and "provided little or no benefit to the estate."[3] Specifically, the magistrate noted that "the estate has demonstrated through her actions antagonism with the ultimate beneficiaries of the estate and an ineffective use of her time." *Page 6 
 {¶ 9} Finally, the magistrate determined that 12.6 hours of time spent compiling and preparing for attorney fee issues was not beneficial to the estate and should be deducted from the application.[4]
 {¶ 10} The magistrate stated that it considered the factors enumerated in DR 2-106. The magistrate stated that Corsaro's hourly rate of $150 to $185 an hour was "unusually high for this estate" and reduced the rate to $100 an hour. The magistrate concluded that "a review of the time spent on this case reflects beneficial services of approximately 68.2 hours." The magistrate, therefore, approved attorney fees in the amount of $6,820, plus an additional $1,000 to conclude the estate administration for a total amount of $7,820.
 {¶ 11} On February 10, 2006, Garncarz filed her objections to the amended magistrate's decision.
 {¶ 12} On March 2, 2006, the trial court conducted a hearing on Garncarz's objections. There is no transcript of this proceeding.
 {¶ 13} On March 30, 2006, the trial court overruled Garncarz's objections and adopted the magistrate's amended decision with the following modifications: First, the trial court determined that Corsaro was entitled to compensation for the 42.5 hours of routine fiduciary services it had performed for the Estate at a reduced rate of $75 per hour for a total of $3,187.50. Second, the trial court determined that *Page 7 
Corsaro was entitled to compensation for the 32.4 hours of service that were deemed "less productive" at a reduced rate of $60 per hour for a total of $1,944. In total, Corsaro was awarded $12,951.50 in attorney fees.
 {¶ 14} It is from this decision that Garncarz timely appeals and raises the following assignments of error, which shall be addressed together where appropriate:
 {¶ 15} "I. The Probate Court acted in an unreasonable, arbitrary, and unconscionable manner, and therefore abused its discretion, by ordering a reduction of the fees requested in the application for attorney's fees by the attorney for the estate of the decedent when said attorney's services were shown to be necessarily and successfully rendered to benefit the whole estate.
 {¶ 16} "II. The Probate Court abused its discretion and erred as a matter of law by ordering that services rendered on certain dates by the attorney for the estate were billable at rates different from the rates provided in the application for attorney's fees when the fees were agreed to by the executrix and the attorney's services to defend the estate from legal actions instituted by beneficiaries was beneficial to the whole estate."
 {¶ 17} Since the first and second assignments of error challenge the trial court's decision to reduce Corsaro's allowable attorney fees from $23,847.56 to $12,951.50, we shall address them together. Garncarz argues that the trial court erred when it determined that (1) 42.5 hours of Corsaro's services were fiduciary in *Page 8 
nature and (2) 32.4 hours of Corsaro's services were not beneficial to the Estate. Garncarz also argues that the trial court erred in using different rates to compensate for these services.
 {¶ 18} The payment of reasonable attorney fees is within the discretion of the Probate Court. In re Estate of Fugate (1993),86 Ohio App.3d 293, 298. The Probate Court's determination of attorney fees will not be overturned absent an abuse of discretion. Id. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 19} In Garncarz's application for attorney fees, Corsaro included an itemized bill, which included a brief description of the services performed and the amount of time expended. However, a Probate Court is not required to accept an attorney's itemization of services performed on behalf of an estate and its fiduciary. Although the time and labor of an attorney is a relevant factor in determining the reasonableness of the attorney fees, it is but one of the factors the trial court must consider. In re Estate of Wirebaugh (1992), 84 Ohio App.3d 1, 5; In reEstate of Ziechmann (1987), 41 Ohio App.3d 214, 218.
 {¶ 20} With regard to the 42.5 hours of service deemed to be fiduciary in nature, Ohio courts have held that when an attorney is hired by an executor to work on behalf of an estate, it must be determined what work was performed as legal services and what work concerned non-legal matters, which would not necessarily *Page 9 
require the expertise of an attorney. See In re Daily (Nov. 1, 1999), Madison App. No. DA99-03-011, citing In re Estate of Secoy (1984),19 Ohio App.3d 269. To the extent that the fiduciary has abrogated many of his non-legal responsibilities to the lawyer and where the lawyer chooses to perform in a "non-legal" function, the lawyer should not expect compensation based on his expertise as a lawyer. In Re Estate ofSecoy, supra at 272. See, also, In re Murray, Trumbull App. No. 2004-T-0030, 2005-Ohio-1892 (the right of an executor to employ counsel to assist in the common course of duties and the right to compensation of such counsel, does not justify the employment of counsel to perform the services or duties imposed upon the fiduciary.)
 {¶ 21} Here, it is clear from the record that the Probate Court properly and carefully scrutinized Corsaro's aforementioned fee bill when it determined that 42.5 hours of service were duties that should have been performed by the fiduciary. Specifically, the magistrate expressly listed the exact dates upon which it made this determination, stating that "many hours were spent coordinating the sale of de minimis household goods, the sale of real estate and other personal assets * * * services that should have been performed by the fiduciary rather than the attorney." Such determinations are factual and based upon the court's consideration and analysis of counsel's statement of his fees. Accordingly, we do not find that the court's determination regarding the fiduciary nature of certain services was unreasonable or arbitrary. We also do not find that the trial court erred in *Page 10 
determining that Corsaro was entitled to compensation for the 42.5 hours of routine fiduciary services at a reduced rate of $75 per hour. See In re Estate of Secoy, surpa.
 {¶ 22} With regard to the 32.4 hours of service deemed to have "provided little or no benefit to the estate," there is no minimum or maximum attorney fee that the court automatically will approve. Sup.R. 71(H). Rather, attorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility. Sup.R. 71(A).
 {¶ 23} Pursuant to DR 2-106(B), the following factors are to be considered as guides in determining the reasonableness of a fee:
 {¶ 24} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 25} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 26} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 27} "(4) The amount involved and the results obtained.
 {¶ 28} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 29} "(6) The nature and length of the professional relationship with the client.
 {¶ 30} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the service. *Page 11 
 {¶ 31} "(8) Whether the fee is fixed or contingent."
 {¶ 32} Here, it is clear from the record that the Probate Court properly and carefully scrutinized Corsaro's aforementioned fee bill when it determined that 32.4 hours of service were duties that provided little benefit to the Estate. Specifically, the magistrate expressly listed the exact dates upon which it made this determination, stating that "the estate has demonstrated through her actions antagonism with the ultimate beneficiaries of the estate and an ineffective use of her time." Such determinations are factual and based upon the court's consideration and analysis of counsel's statement of his fees. Accordingly, we do not find that the court's determination regarding the unproductive nature of certain services was unreasonable or arbitrary. We also do not find that the trial court erred in determining that Corsaro was entitled to compensation for the 32.4 hours of unproductive time at a reduced rate of $60 per hour. See In re Estate of Secoy, supra.
 {¶ 33} The Probate Judge affirmed the magistrate's decision and specifically stated that "after reviewing the entire file, including the magistrate's decision, and conducting a hearing on the objections, that the objections are not well-taken and should be overruled and the decision of the magistrate adopted as modified as the decision of this Court." As a reviewing court, we must assume that the trial court considered all competent, credible evidence in the record and also applied all *Page 12 
relevant statutory requirements in reaching its decision. Waggoner v.Waggoner (1996), 111 Ohio App.3d 1, 6.
 {¶ 34} The first and second assignment of error are overruled.
 {¶ 35} "III. The Probate Court erred as a matter of law when it ordered that attorney fees shall be paid from the estate when said attorney's services were rendered solely for the benefit of certain parties and not for the benefit of the whole estate."
 {¶ 36} In the third assignment of error, Garncarz claims that the trial court's award of attorney fees to Laurie was improper because he was employed by the decedent's children, as beneficiaries of the Trust, and not the Estate.
 {¶ 37} This issue, however, was not raised in the objections to the magistrate's decision. Rather, Garncarz only made a brief conclusory statement that the magistrate's decision to reduce Corsaro's submitted hours was arbitrary, since it approved all of Laurie's hours. By failing to address the issue, we find that Garncarz waived the issue at the trial level.
 {¶ 38} Civ.R. 53(D)(3)(b)(ii) requires that all objections "be specific and state with particularity the grounds for the objection." Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party has objected to that finding or conclusion. See Civ.R. 53(D)(3)(b)(iv). It is not the duty of a court to develop an argument in support of a party's position, even if one exists, if the party asserting that position has not *Page 13 
made the argument. See Klausman v. Klausman, Medina App. No. 21718,2004-Ohio-3410.
 {¶ 39} Because Garncarz did not properly raise the issue of Laurie's right to recover attorney fees in the objections to the magistrate's decision, we decline to address this issue.
 {¶ 40} The third assignment of error is overruled.
 {¶ 41} "IV. The review and decrease of attorney's fees by the Probate Court is unconstitutional as it interferes with the fundamental right of contract guaranteed under the Ohio and United States Constitutions."
 {¶ 42} In the fourth assignment of error, Garncarz claims that the trial court's award of attorney fees substantially interfered with the contract between the Estate and Corsaro, thereby violating the Contract Clause of the United States Constitution.
 {¶ 43} Again, this constitutional issue was not raised in the first instance in the trial court. Rather, Garncarz raises this argument for the first time on appeal. "An appellate court should decline to rule on a constitutional issue that is not raised in the first instance in the tribunal below." In re Hards, Lake App. No. 2002-L-054, 2003-Ohio-4224. Thus, since Garncarz failed to raise this issue in the Probate Court, we will not now consider the constitutional issue. Id; see, also, In reLazar, Geauga App. No. 2003-G-2509, 2004-Ohio 1964.
 {¶ 44} Garncarz's fourth assignment of error is overruled.
 Judgment affirmed. *Page 14 
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Probate Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, JUDGE
FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR
[1] The minor parties are referred to herein by their initials or title in accordance with this Court's established policy regarding non-disclosure of identities of minors.
[2] The magistrate listed the following dates: March 25,2004; April 5, 22, 23, 2004; May 10, 12, 13, 2004; June 24, 25, 28, 29, 30, 2004; July 1, 2, 9, 13, 14, 15, 20, 21, 25, 26, 27, 28, 29, 30, 31, 2004; August 5, 9, 17, 18, 28, 30, 2004; September 2, 9, 10, 28, 29, 2004; October 28,2004; November 4, 8, 2004; December 13, 14, 16, 22, 23, 24, 30, 31, 2004; March 28,2005; April 1, 12, 13, 2005; May 16, 17, 2005; June 25, 2005; July 5, 7, 8, 18, 22, 25, 27, 2005; and August 1, 4, 2005.
[3] The magistrate listed a total of 33 dates: April 12, 13, 21, 2004; May 5, 2004; August 3, 6, 11, 13, 2004; September 7, 2004; October 18, 21, 27, 2004; November 3, 15, 16, 19, 22, 2004; February 4, 5, 2005; March 16, 17, 18, 19, 22, 24, 2005; April 19, 28, 2005; May 6, 10, 12, 13, 25, 2005; and June 20, 2005.
[4] The magistrate listed a total of 14 dates: January 18, 19, 2005; March 23, 2005; April 14, 2005; May 2, 3,5, 9, 19, 24, 2005; and June 1, 2, 3, 4, 2005. *Page 1